# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4716 | **DATE** | 9/16/2010 |
| **CASE TITLE** | Apps Communication, Inc. vs. S2000 Corp., et al. | | |

**DOCKET ENTRY TEXT**

On the court's own motion, the default judgment (Dkt. 8) is vacated and Plaintiff is ordered to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. Plaintiff may discharge the order by filing an Amended Complaint, one that establishes the basis for federal jurisdiction, by September 24, 2010. If Plaintiff files such an Amended Complaint, Defendants shall have 20 days to answer or otherwise plead. Defendants' motion for an extension of time to answer or otherwise plead (Dkt. 10) is denied as moot.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     On September 2, 2010, Plaintiff David Apps moved for a default judgment based on the failure of Defendants S2000 Corporation and Joseph Sforzo to answer or otherwise plead within 20 days of being served with the Complaint. Dkt. 6. On September 8, 2010, the court entered a default judgment and set a prove-up hearing for October 5, 2010. Dkt. 8. That same day, Defendants moved for an extension of time to answer or otherwise plead, Dkt. 10, and Plaintiff filed an opposition, Dkt. 12. On September 13, 2010, the Executive Committee reassigned this matter to the calendar of the undersigned judge. Dkt. 14.

     Plaintiff purports to premise federal jurisdiction on the diversity statute, 28 U.S.C. § 1332. Dkt. 1, ¶ 4. With exceptions not pertinent here, this font of federal jurisdiction requires complete diversity among plaintiffs and defendants. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967). To establish a basis for federal jurisdiction, "the necessary factual allegations are to appear in the complaint." *Christianson v. Colt Indus. Operating Corp.*, 798 F.2d 1051, 1060 n.12 (7th Cir. 1986).

     The Complaint alleges that Defendant S2000 is a Delaware corporation with its principal place of business in New York, *see* Compl. ¶ 2, which means it is a citizen of Delaware and New York, *see* 28 U.S.C. § 1332(c)(1). Defendant Sforzo, however, is alleged to be a "resident of the state of New York." *See* Compl. ¶ 3. Allegations of residency are not sufficient to establish citizenship for purposes of section 1332. *See Adams v. Catrambone*, 359 F.3d 858, 861 n.3 (7th Cir. 2004); *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001). Moreover, Plaintiff Apps is not alleged be a citizen (or even a resident) of any particular State or foreign state. *See* Compl. ¶ 1.

| | Courtroom Deputy | JD |
|---|---|---|

## STATEMENT

Because the Complaint fails to allege the citizenship of all parties, it does not establish a basis for federal jurisdiction. The default judgment, which was entered on the strength of the Complaint, accordingly is vacated. In addition, Plaintiff is ordered to show cause why this lawsuit should not be dismissed. Plaintiff may discharge the order by filing an Amended Complaint – one that (i) properly alleges the citizenship of all parties and (ii) if the facts permit, indicate the presence of complete diversity – by September 24, 2010. If Plaintiff files such an Amended Complaint, Defendants shall have 20 days to answer or otherwise plead. The motion for an extension of time to answer or otherwise plead (Dkt. 10) is denied as moot.